# United States District Court
## Northern District of Alabama
### Southern Division

FILED
02 NOV 27 PM 12:04
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
NOV 27 2002

| | |
|---|---|
| **WILLIAM R. HIGDON, et al.** | ] |
| Plaintiff(s), | ] |
| vs. | ] CV 02-N-02045-S |
| **STATE FARM MUTUAL AUTOMOBILE INSURANCE, COMPANY, et al.** | ] |
| Defendant(s). | ] |

## Memorandum of Decision

### I.  Introduction

The matter before the court is plaintiffs' motion to remand, filed September 23, 2002. (Doc. #7) and plaintiffs' motion to amend their complaint to include additional parties, filed September 23, 2002 (Doc. # 8). Previously, defendants removed the case from the Jefferson County Circuit Court alleging federal court diversity jurisdiction under 28 U.S.C. § 1441, on the grounds that plaintiffs fraudulently joined defendant J. David Cochran to defeat diversity. (Doc. #1). Defendants subsequently submitted a motion to dismiss the claims against Cochran, (Doc. #3), and the plaintiffs responded by submitting the motion to remand. The issues have been briefed by both parties and are now ripe for review. The court finds that defendant Cochran was not fraudulently joined and accordingly, the action will be remanded to the Circuit Court of Jefferson County, Alabama, whence it was removed.

### II.  Standard of Review/Pleading Requirement

For removal under 28 U.S.C. § 1441 to be proper, the federal court must have subject-matter jurisdiction in the case. The removal statute must be strictly construed

against removal, and any doubts should be resolved in favor of remand. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). The defendant bears the burden of establishing subject-matter jurisdiction. *See Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921) (stating that the defendant bears the burden of proving subject-matter jurisdiction in removed actions).

### III.  Statement of Facts

This action was filed in the Circuit Court of Jefferson County, Alabama, against defendants, State Farm Automobile Company ("State Farm") and J. David Cochran ("Cochran"). The plaintiffs are insured under an automobile policy issued by State Farm Mutual Automobile Insurance Company. (Complaint ¶ 10). Cochran was the independent contractor who sold the insurance policy to the plaintiffs. On December 20, 2000, Beverly Higdon was involved in an automobile accident and sought medical treatment. (Complaint ¶ 11). Plaintiff made a claim for benefits and, during the handling of that claim confusion arose regarding the amount of medical payment benefits available to her. (Complaint ¶¶ 12-13).

Plaintiffs allege that they contacted Cochran's office on January 2, 2001, and were informed that they had five-thousand dollars in medical payment coverage, rather than the twenty-five thousand they believed they had originally purchased. (Higdon Aff., Doc. # 9). On April 17, 2001 plaintiffs received a letter from Alyce White, Claim Processor with State Farm stating that they had exhausted the limits of their Medical Payment Coverage. *Id.* On August 9, 2001, the plaintiffs received a similar letter from Robert Young, Claim Representative with State Farm informing Mrs. Higdon's chiropractic provider,

Healthchoice Chiropractic, that she had exhausted the limit of Medical Payment Coverage for the injuries she sustained in the collision. (*Id.*). State Farm corrected the problem on May 8, 2002, and informed the plaintiffs that they indeed had twenty-five thousand dollars in medical coverage.

## IV.   Discussion

### A.   Fraudulent Joinder

In order for removal under 28 U.S.C. § 1441(b) to be proper, no defendant can be a citizen of a state in which the action is brought. The removing party bears the burden of proving that joinder of the defendant was fraudulent. *Cabalceta v. Standard Fruit*, 883 F.2d 1552, 1561 (11th Cir. 1989); *Whitlock v. Jackson Nat'l Life Ins.*, 32 F. Supp. 2d 1286, 1289 (M.D. Ala. 1998) ("it is well-settled that the Defendant, as the party removing this action to federal court, has the burden of establishing federal jurisdiction."). The removing party can prove that a defendant has been fraudulently joined by (1) looking to see whether there is any possibility the plaintiffs can establish any cause of action against the resident defendant and (2) looking to see whether the plaintiffs have fraudulently pled jurisdictional facts in order to bring the resident defendant into state court. *Id.* These determinations are made based on the plaintiffs' pleadings at the time of the removal. *Id; see also Sellers v. Foremost Ins. Co.*, 924 F. Supp. 1116 (M.D. Ala. 1996) ("Fraudulent joinder claims can be resolved by piercing the pleadings and considering summary judgment-type evidence such as affidavits and deposition testimony.") (quoting *Cavallini v. State Farm Mutual Auto Ins. Co.*, 44 F.3d 256, 263 (5th Cir. 1995)). The court must evaluate the parties' factual allegations in the light most favorable to the plaintiffs and resolve all uncertainties about state

substantive law in favor of the plaintiffs. *Whitlock*, 32 F. Supp. 2d at 1289. "If there is a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder is proper and remand the case to the state court." *Id.*

If there is an insufficient opportunity for discovery, a party submitting a pleading must, at the very least, meet the requirements of Rule 11 of the Federal Rules of Civil Procedure, which provides, in part, that "By presenting to the court . . . a pleading, written motion, or other paper, an attorney or unrepresentated party is certifying to the best of the person's knowledge, information, and belief formed after an inquiry reasonable under the circumstances, . . . the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery." *Sellers*, 924 F. Supp. 1116 at 1118. Thus, plaintiffs who have not had the benefit of discovery must be able to provide some showing that her claim against the resident defendant has some evidentiary support after reasonable opportunity for investigation or discovery. *Id.*

Plaintiffs contend that "David Cochran's office" fraudulently misrepresented that they did not have twenty-five thousand dollars in medical coverage and that defendant's office fraudulently suppressed the fact that plaintiffs had additional available medical payments coverage. The court will address each complaint in turn.

### 1. Fraudulent Misrepresentation

Defendant contends that there is no possibility the plaintiffs could establish a cause of action against the defendant for fraudulent misrepresentation because plaintiffs allege

that the defendant's office and not the defendant made the representation and, even if they had properly phrased their claim, the plaintiffs could not have reasonably relied on the alleged misrepresentations.

To establish a claim for fraudulent misrepresentation the plaintiffs must establish: (1) false representation usually concerning an existing material fact; (2) the defendant's knowledge of the falsity, recklessness with regard to truth or falsity, or false statement representing knowledge of the truth of the representation; (3) reliance on the representation; (4) the reliance was reasonable and (5) subsequent damage. *See Ex Parte Government Employees Insurance Company*, 729 So. 2d 299 (Ala. 1999); *Potter v. First Real Estate Co., Inc.*, 2002 WL 31002850 (Ala. 2002) (noting the shift from justifiable reliance to reasonable reliance); *see also* Ala. Code Ann. § 6-5-101 (1975) ("Misrepresentations of a material fact made willfully to deceive or recklessly without knowledge, and acted on by the opposite party if made by mistake and innocently and acted on by the opposite party, constitute legal fraud.").

Defendant contends that plaintiffs merely allege that Cochran's *office* rather than Cochran himself made the fraudulent misrepresentation. Moreover, defendant proffers that since a theory of respondeat superior was not presented, the actions of defendant's "office" should not be considered by the court. In *McCullough v. McAnalley*, the court explained the Alabama standard for misrepresentation and held "[i]n order to maintain an action for fraud, a plaintiff must show that the *defendant* made a false representation of a material fact." 590 So. 2d 229 (Ala. 1991) (emphasis added). Defendant argues the previously italicized language (language which the defendant placed in italics) clearly establishes that

the plaintiffs must assert a respondeat superior theory. Neither party, however, has presented any definitive evidence that Alabama courts require such heightened specificity, and the court believes the Complaint is worded in sufficiently general terms that it could encompass both defendant and his office. (Complaint, Intro. ¶¶ 1-14). With this in mind, the court cannot say it is absolutely certain the plaintiffs have not stated a claim which is at least an "arguable one under state law." *Bromberg v. Metropolitan Life Ins. Co.,* 50 F. Supp. 2d 1208, 1213 (M.D. Ala. 1999).

Next, defendant contends that the plaintiffs could not have reasonably relied on the alleged representations. Defendant presents two arguments to support this theory. First, he asserts that he cannot be held liable because the plaintiffs had accurate information prior to filing the lawsuit and next contends that liability is precluded because the policy explains the amount covered.[1] Recently, in *Oakwood Mobile Homes, Inc. v. Barger,* the Alabama Supreme Court explained the "reasonable reliance" standard. 773 So. 2d 454 (Ala. 2000). The Court held that "if the circumstances are such that a reasonably prudent person who exercised ordinary care would have discovered the true facts, the plaintiffs should not recover." *Id.* at 461 (quoting *Torres v. State Farm Fire & Cas. Co.*, 438 So. 2d 757 (Ala. 1983)). Defendant argues that where the policy language explains the procedures or limitations of the policy, the plaintiffs cannot make a case for misrepresentation. *Ex Parte Government Employees Insurance Co. v. Roach*, 729 So. 2d 299 (Ala. 1999). In the

---

[1] The court finds defendant's argument that the plaintiffs eventually received the correct information irrelevant. The plaintiffs claim damages for the course of time in which they believed they had less medical coverage than previously thought. Establishing that they received the information prior to filing suit does not erase the damages for that period of time.

aforementioned case, however, the court reviewed an action where the defendant gained knowledge of the provisions of an accident insurance policy "through his own limited reading of the policy, not through any oral representations made to him by [defendant]." *Id.* at 304. Here, the plaintiffs allege that they received incorrect information from the defendant. (Higdon Aff., Doc. #9). Their knowledge of the policy was not solely from the policy, rather it was acquired through a combination of correspondence with Cochran's office and the policy itself. *Cf. Graham v. First Union National Bank of Georgia,* 18 F. Supp. 2d 1310, 1318 (M.D. Ala. 1998) (suggesting that misrepresentation may be established if the representations contributed to the formulation of the conclusion in a plaintiff's mind). Accordingly, the court finds that a reasonably prudent person could have in fact believed the policy contained differing terms. *Oakwood Mobile Homes*, 773 So. 2d at 454. Therefore the court holds that defendant has not met its burden of proof and established there is "no possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants." *Whitlock v. Jackson Nat'l Life Ins.*, 32 F. Supp. 2d 1286, 1289 (M.D. Ala. 1998).

In conclusion, as the defendant has failed to meet its burden of proof in establishing fraudulent joinder, the court finds it is arguable that a cause of action may be established for fraudulent misrepresentation and remands the case to Jefferson County.

### 2.  Fraudulent Suppression

As with the claim for fraudulent misrepresentation, the plaintiffs also claim that the defendant is subject to liability for failing to provide correct information when the plaintiffs requested it. A claim for fraudulent suppression requires proof: (1) that the defendant had

a duty to disclose material facts; (2) that the defendant failed to disclose those facts; (3) that the concealment or failure to disclose induced the plaintiffs to act; and (4) that the defendant's actions resulted in harm to the plaintiffs. *Boackle v. Bedwell Construction Co., Inc.*, 770 So. 2d 1076, 1080 (Ala. 2000) (citing *Bethel v. Thorn*, 757 So. 2d 1154 (Ala. 1999); *Underwood v. Life Ins. Co. of Georgia*, 14 F. Supp. 2d 1266 (N.D. Ala.1998); *Foremost Ins. Co. v. Parham*, 693 So. 2d 409, 423 (Ala. 1997); *see also* Ala. Code Ann. § 6-5-102 (1975) ("suppression of a material fact which the party is under an obligation to communicate constitutes fraud.").

The parties dispute only whether defendant owed a duty to the plaintiffs. To determine whether a duty exists: "the court decides as a matter of law whether *the plaintiff's version of the facts*, if true, imposes on the defendant a duty to disclose the suppressed matter to the plaintiff; and *on the issue of duty*, the jury decides only whether the plaintiff's version of the facts is true, if the plaintiff's version is disputed." *See Ex Parte Liberty National Life Insurance Company*, 797 So. 2d 457, 465 (Ala. 2001)(quoting *State Farm Fire & Cas. Co. v. Owen*, 729 So. 2d 834 (Ala. 1998). The court further noted that "The existence of a duty to disclose depends on 'the relationship of the parties, the value of the particular facts suppressed, and the relative knowledge of each party.'" *Id.* (quoting *Baker v. Bennett*, 603 So. 2d 928, 935 (Ala. 1992). Moreover, "[w]here the defendant has superior knowledge of the suppressed fact and the defrauded party has been induced to take action that otherwise might not have been taken, the obligation to disclose is particularly compelling." *Id.* (citing *Baker*). *Cf. Reeves v. State Farm Fire and Casualty Co.*, 539 So.

2d 252, 256 (Ala. 1989) (suggesting that a duty may exist where plaintiffs have been "lulled into a sense of security.").

Defendant contends that no special circumstances existed in this case which would suggest the existence of such a duty. Plaintiffs, on the other hand, allege that Alabama caselaw establishes that the insurance relationship is one built on trust--the fact that plaintiffs actively sought Cochran's advice is indicative of such a relationship. *Liberty National*, 797 So. 2d at 465; *Reeves*, 539 So. 2d at 256. At this stage in the litigation process, the court can only guess from the pleadings and supporting materials as to the nature of the relationship which existed between the plaintiffs and Cochran. The court is under the impression, however, that, to some degree, Cochran possessed superior knowledge, the plaintiffs relied on Cochran's advice, and subsequently acted to their detriment. As with the previous claim, the defendant has failed to prove that the plaintiffs' state law claim is not at least arguable. Accordingly, the motion to remand the fraudulent suppression claim will be granted.

In conclusion, the court believes it is arguable that the defendant owed the plaintiffs a duty to disclose the correct information. Therefore, the court finds the fraudulent suppression claim plausible under Alabama law and remands the case.

## V.     Conclusion

The court will enter an appropriate order in conformity with this memorandum of opinion.

Done, this 27th of November, 2002.

							_____
							Edwin Nelson
							United States District Judge